988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur R. BERMUDEZ, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3546.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1993.
Rehearing Denied Feb. 17, 1993.
 
 54 M.S.P.R. 247.
 AFFIRMED.
 Before PLAGER, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Arthur R. Bermudez (Bermudez) seeks judicial review of the April 24, 1992 decision of the Administrative Judge (AJ), Docket No. DE0752920246I1, dismissing Bermudez's appeal for lack of jurisdiction. Upon denial of review on July 20, 1992, that decision became the final decision of the Merit Systems Protection Board (MSPB or Board). 5 C.F.R. § 1201.113(b). At issue was Bermudez's allegedly involuntary resignation, which occurred shortly after the Department of Justice (Agency) proposed to remove Bermudez. Bermudez also alleged that the proposed removal was taken in part as reprisal for whistleblowing activities.
 
 
 2
 The AJ found that 1) Bermudez's submissions failed to establish that his resignation was involuntary and thus appealable to the Board; 2) probationary employees such as Bermudez were entitled to appeal rights only in limited circumstances not applicable here; and 3) Bermudez's bare assertion that the proposed removal violated the Whistleblower Protection Act (WPA) was insufficient to establish jurisdiction under 5 U.S.C. § 1221 (Supp. III 1991). Accordingly, the appeal was dismissed for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 3
 The Agency proposed to remove Bermudez on April 3, 1991, for falsification and omission of information on his employment application (SF-171) and two other forms. On April 7, 1991, in the face of this proposed personnel action, Bermudez chose to resign. On March 2, 1992, Bermudez filed an appeal with the Board's regional office, alleging that he had been forced to resign and that the proposed removal was based on whistleblowing. On March 3, 1992, the AJ issued an acknowledgement order which informed Bermudez that he had to submit evidence to support his bare allegations of coercion and reprisal. When Bermudez failed to submit such evidence, the AJ dismissed the appeal.
 
 
 4
 The Board has jurisdiction over appeals of adverse actions, as set forth in 5 U.S.C. §§ 7512-13 (1988). An involuntary resignation is considered to be such an adverse action, but a voluntary resignation is not. Thus, in order for the Board to have jurisdiction to consider Bermudez's resignation, Bermudez must have proffered a nonfrivolous allegation of involuntariness.[1]
 
 
 5
 That the employee faces a difficult choice between two unpleasant alternatives (resignation or removal) does not suffice to meet this requirement. Here, Bermudez failed to respond to the AJ's specific request for some evidence supporting the bare allegation that his resignation had been coerced and thus was involuntary. Accordingly, the AJ properly found that the MSPB lacked jurisdiction under 5 U.S.C. §§ 7512-13.
 
 
 6
 The Board also has jurisdiction under the WPA, 5 U.S.C. § 1221 ("Individual Right of Action"), to consider an employee's claims that a personnel action has been taken in reprisal for whistleblowing. To establish Board jurisdiction, the employee must proffer nonfrivolous allegations that 1) he has suffered or was threatened with a prohibited personnel action described in 5 U.S.C. § 2302(a)(2) (Supp. III 1991); 2) that the personnel action was in reprisal for a protected disclosure, as described in 5 U.S.C. § 2302(b)(8) (Supp. III 1991); and 3) that the employee either had first sought corrective action from the Office of Special Counsel, 5 U.S.C. § 1214(a)(3) (Supp. III 1991) or had the right to appeal the personnel action directly to the MSPB.
 
 
 7
 Bermudez's reprisal allegation consisted of the following: "I do not claim their action taken against me was 100% based on whistleblowing, but it certainly contributed to it. With the US Bureau of Prisons one cannot be in disagreement with their actions." In response to the AJ's request for supporting evidence, Bermudez provided nothing. Accordingly, the AJ properly found that the MSPB lacked jurisdiction under the WPA.
 
 
 8
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that the decision must be affirmed unless it is found to be:
 
 
 9
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 10
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 11
 3) unsupported by substantial evidence.
 
 
 12
 See 5 U.S.C. § 7703 (1988). In accordance with this circumscribed standard of review and in light of Bermudez's failure to provide anything beyond bare allegations of coercion and reprisal, we affirm the Board's dismissal for lack of jurisdiction.
 
 
 13
 No costs.
 
 
 
 [1]
 As discussed by the AJ, Bermudez's status as a probationary employee further curtails the Board's jurisdiction. However, in light of our holding that Bermudez failed to proffer a nonfrivolous allegation of involuntariness, we need not discuss the issue of Bermudez's probationary status further